W. A. Doss, Appellee, v. F. E. Sievers, Appellant.

Gen. No. 9,100.

Opinion filed April 20, 1938.

C. E. CORBETT and N. E. HUTSON, both of Monticello, for appellant.

ROY C. FREEMAN, of Urbana, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

On May 25, 1937, W. A. Doss, an attorney, as plaintiff, caused a judgment to be entered against F. E. Sievers in the sum of $155.76, in the county court of Piatt county. This is an appeal from a judgment of said court entered on August 16, 1937, denying a motion of defendant appellant, F. E. Sievers, filed in said cause on August 11, 1937, with affidavit in support thereof, to open up said judgment and for leave to plead to the complaint, previous motions having been made and dismissed by the court on motion of appellee, W. A. Doss, with leave to appellant to file an additional motion by August 12, 1937.

On August 11, 1937, W. A. Doss, plaintiff appellee, filed a motion, supported by his affidavit, to strike the motion filed by appellant, in which he set forth many grounds for the granting of said motion, among which are, that the motion was not supported by a proper affidavit, and that the statements, matters and things set up in the motion and affidavit of appellant, in the main, are not statements of facts properly pleaded but merely conclusions of the pleader, and strictly forbidden by the new Practice Act of Illinois, and many other argumentative reasons that are entirely irrelevant on a hearing of such a motion, and covering over seven typewritten pages in the record filed in said cause.

Rule 26 of the Rules of Practice and Procedure of the Supreme Court points out the procedure to be followed in opening up a judgment by confession. The motion shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and if the motion and affidavit disclose a prima facie defense on the merits, the court shall set such motion down for hearing, and plaintiff may file counter affidavits. If, at the hearing upon such motion, it shall appear that the defendant has a defense on the merits, the court shall then sustain the motion.

There is no provision for the making of a motion to strike, but the matter is heard solely upon the motion

and affidavits of the defendant and the counter-affidavits filed by plaintiff, and appellee, W. A. Doss, having failed to file any counter-affidavit in defense of his judgment, the matter came up for hearing in the county court of Piatt county upon the motion of the defendant and an affidavit in support thereof.

It appears from the affidavit of appellant, F. E. Sievers, that the note, upon which the judgment by confession was rendered, was not given for any good and valuable consideration and that W. A. Doss, acting as attorney for the Moore State Bank of Monticello, Illinois, instituted a suit upon a $500 note, payable to said bank, and a judgment by default was obtained on April 14, 1932, against F. E. Sievers and his wife, Ellen Sievers. This note was one of a series of notes, payable to the Moore State Bank which were secured by a trust deed.

In May of 1932, a conference was had at the law office of W. A. Doss, in Monticello, concerning the collection of this judgment and the collection of the remaining notes due the bank, which were in the hands of Doss for collection. At this conference W. A. Doss, while representing the Moore State Bank as its attorney in the collection of this judgment and these notes, told appellant, Sievers, that he, Doss, was at the same time looking after the interests of appellant and his wife, Ellen Sievers, in the matter of the collection of the notes and judgment.

Doss said to appellant that he and his wife owed him an attorney's fee for such services as he had performed for them in the matter of handling the collection of the notes due said Moore State Bank, and that a reasonable attorney's fee for the services alleged to have been performed, amounted to $200, but that he would cut said fee in half and settle with appellant and his wife for $100, and, after appellant stated he had no money to pay any such fee, Doss told Sievers that he would take his note for said fee of $100. Appellant, Sievers, acting upon the representations made by W. A. Doss,

and under the erroneous belief that Doss had actually performed legal services for appellant and his wife, Ellen Sievers, and acting under the mistaken belief that he and his wife were legally indebted to said Doss for the services alleged to have been performed, and being induced by such representations made by Doss as aforesaid, appellant then and there executed said $100 note, which has been placed in judgment. Appellant, Sievers, learned after he had executed the note that W. A. Doss never performed any services for himself and wife in the matter of the collection of said notes due the Moore State Bank, and that Doss never at any time performed any services for him and his wife, and that the only services Doss performed in the matter of such collections was for the Moore State Bank in filing suit on said $500 note and in taking judgment thereon.

It appears that Doss, while acting as attorney for the Moore State Bank in the matter of the collection of the notes in his hands, signed by appellant and his wife, informed appellant that he was representing appellant and his wife as their attorney and looking after their interests in the matter of the collection of the notes and the judgment he had obtained, and that they owed him $200, attorney's fees, and took the note for $100 from appellant on that claim.

From the record in this proceeding it appears the $100 note was procured from appellant, Sievers, by W. A. Doss by false representations and without any consideration whatever, and the county court of Piatt county erred when it overruled the motion of appellant for leave to open up such judgment and permit appellant to file an answer to the complaint, as it appears that appellant has a defense on the merits to the whole of appellee's demand.

The judgment of the county court of Piatt county, overruling the motion of appellant, F. E. Sievers, to

open up judgment and for leave to answer, entered in said court on August 16, 1937, is reversed and said cause is remanded to said court with directions to enter an order opening up said judgment and permitting the defendant, Sievers, to answer the complaint filed in said cause, and staying further proceedings on said judgment until the further order of the court, and ordering that said original judgment stand as security.

*Reversed and remanded with directions.*